Dear Ms. LeBlanc:
Your request for an Attorney General's opinion regarding the possibility of amending the Ascension Parish Home Rule Charter has been assigned to me for research and reply. You seek our opinion on the following questions:
 1. Is it necessary for a Charter Commission to be appointed to make changes to the Home Rule Charter?
2. Must each individual amendment be listed separately on the ballot?
 3. May the Ascension Parish Council, through its Home Rule Charter, limit the powers of the Ascension Parish Planning and Zoning Commission?
With regard to your first question, you reference Attorney General Opinion No. 90-611 which referenced LSA-R.S. 33:1395, indicating that a home rule charter could only be amended with the appointment of a charter commission, and ask whether this opinion remains valid today. Our response is yes, Attorney General Opinion No. 90-611 is valid.
In Attorney General Opinion No. 90-611, our office found that where a pre-1974 home rule charter government's charter provisions provided for its charter to be amended pursuant to applicable state law, LSA-R.S.33:1395 governed and required a charter commission for the proposal of an amendment to the charter to the electorate for approval. We note that under Article VI, Section 4, a pre-1974 home rule charter shall be amended as provided in the charter. Thus, if the charter did not require amendment by applicable state law, LSA-R.S. 33:1395 would not apply to a pre-1974 home rule charter government. Since your charter is a post-1974 charter, we need to review LSA-Const. Art. VI, Sec. 5 (1974), which provides in part:
 Section 5. (A) Authority to Adopt; Commission. Subject to and not inconsistent with this constitution, any local governmental subdivision may draft, adopt, or amend a home rule charter in accordance with this Section. The governing authority of a local governmental subdivision may appoint a commission to prepare and propose a charter or an alternate charter, or it may call an election to elect such a commission.
 (B). Petition to Elect Commission. The governing authority shall call an election to elect such a commission when presented with a petition signed by not less than ten percent of the electors or ten thousand electors, whichever is fewer, who live within the boundaries of the affected subdivision, as certified by the registrar of voters.
 (C) Adoption; Amendment; Repeal. A home rule charter shall be adopted, amended, or repealed when approved by a majority of the electors voting thereon at an election held for that purpose.
 * * *(emphasis added).
We reviewed the constitutional convention debates to determine whether the delegates meant for a charter commission to be appointed or elected to not only propose a charter, but to also amend a charter. One amendment to the proposal for Art. VI, Sec. 5 was to allow the adoption of an amendment or repeal of a home rule charter to be made by the governing authority or by petition of at least ten percent of the electors or ten thousand electors without the appointment or election of a charter commission. This amendment was made by Mr. J. Jackson and he explained that his concern was that the draft proposal did not offer for a proposal before the electorate that would go straight to the ballot and just offered a proposal to have a charter commission to draw up a proposal.Records of the Louisiana Constitutional Convention of 1973: ConventionTranscripts, Vol. 7, p. 1375. There was some confusion about this amendment because as some delegates pointed out, under the City of New Orleans charter the people had [and continue to have] authority by direct petition to put any issue on the ballot before the voters without going through the process of the city council having to appoint a charter commission. [City of New Orleans charter is a pre-1974 charter subject to Art. VI, Sec. 4]. This amendment by Mr. J. Jackson was rejected, which leads us to believe that the delegates understood the present wording of Art. VI, Sec. 5 to mean that a charter commission must either be appointed or elected in order for an amendment to a post-1974 charter to be prepared before being submitted to the voters for their approval or rejection.
Thus, in response to your first question it is our opinion that a charter commission is necessary for the amendment of the Ascension Parish Home Rule Charter, which is a post-1974 charter subject to the provisions of LSA-Const. Art. VI, Sec. 5 (1974). The governing authority of Ascension Parish may appoint a commission to prepare amendments to the charter or it may call an election to elect a commission to prepare amendments to the charter, and such procedures are found in general law, R.S. 33:1395et seq.
In response to your second question, there is no law which provides whether amendments to a home rule charter must each be listed separately, which in this case would be twenty (20) questions, or whether they may be listed as one question, similar to the ballot form on a proposed charter where the question is whether the home rule charter as prepared and submitted by the charter commission shall be approved. The law, LSA-R.S. 18:1299.1, does require the governing authority to provide for "[t]he statement of any question or proposition to be submitted to the voters". Thus, it is the governing authority's responsibility to determine the statement for the amendments as presented by the charter commission.
In response to your third question, it is our opinion that the Ascension Parish Council may not limit the powers of the Ascension Parish Planning and Zoning Commission. The Ascension Parish Home Rule Charter, Section 4-18, provides for the planning commission as follows:
 The parish governing authority shall make and adopt and shall be authorized to amend, extend and add to an official plan for the physical development of the unincorporated areas of the parish, and shall create by ordinance a planning commission with the powers and duties set forth in state law, and shall appropriate funds for the commission as it deems necessary and fiscally prudent. (Emphasis added).
As a post-74 home rule charter, the Ascension Parish charter can provide for the "[e]xercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, notdenied by general law or inconsistent with this constitution.
LSA-Const. Art. VI, Sec. 5(E). Subpart A of Title 33 provides the general law on planning commissions. It grants to every parish the power to create by ordinance a planning commission with the powers and duties set forth therein, R.S. 33:101 et seq. It provides for the membership of the planning commission, unless a parish charter provides for same and thus, exempts the parish from complying with the provisions concerning "[m]embership, appointment, organization, and structure" of the planning commission and limits this general law from "[d]iminish[ing] any power or authority already granted by a home rule charter". LSA-R.S. 33:103(F). The general powers and duties, however, of a parish planning commission are set forth in LSA-R.S. 33:106, and it is these provisions which the charter requires the Ascension Parish governing authority to adopt by ordinance.
Although general law does not deny the limiting of the powers of a parish planning and zoning commission, the Ascension Parish Home Rule Charter specifies that the powers of the planning commission are those set forth by state law. Thus, unless and until the charter is amended to provide otherwise, it is our opinion that pursuant to the charter, the Ascension Parish governing authority is required to create by ordinance a planning commission with the powers and duties set forth in state law, namely LSA-R.S. 33:106.
We hope this opinion addresses all of your questions and concerns. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: May 16, 2003
 ANGIE ROGERS LAPLACE Assistant Attorney General